233 So.2d 43 (1970)
David Lee DULL, Plaintiff-Appellee,
v.
EMPLOYERS LIABILITY ASSURANCE CORP. et al., Defendants-Appellants.
No. 11366.
Court of Appeal of Louisiana, Second Circuit.
March 3, 1970.
*44 Cook, Clark, Egan, Yancey & King by Benjamin C. King, Shreveport, for appellants Employers Liability Assur. Corp., Ltd., Shreveport Traffic Conference, Fulton Jones Delivery Service, Fulton G. Jones, Jr., Fulton G. Jones III and Ferman D. Jones.
Henry Newton Brown, Jr., Bossier City, for appellee, David Lee Dull, Shreveport.
Mayer & Smith by Caldwell Roberts, Shreveport, for appellee, Continental Casualty Co.
Before BOLIN, DIXON and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an action for damages arising out of a collision which occurred on June 24, 1968 at the intersection of Waller Street and Old Minden Road in Bossier City, Louisiana. Plaintiff, David Lee Dull, a patrolman employed by the Bossier City Police Department, was a passenger in a 1967 Chevrolet police vehicle which had stopped at the intersection in obedience to a red traffic signal. While thus stopped the police car was struck from the rear by a 1964 Ford truck driven by Y. C. White, who failed to stop for the red light. Dull was injured in the collision. At the time of the collision White was employed by Fulton Jones, Fulton Jones III and Ferman Jones, doing business as Shreveport Traffic Conference and Fulton Jones Delivery Service. All of the above and their insurer, Employers Liability Assurance Corporation, Ltd., were made defendants in this suit. Continental Casualty Company, the workmen's compensation insurer for the City of Bossier intervened in the suit seeking recovery of workmen's compensation benefits paid to plaintiff and medical benefits paid under its policy covering the employees of the Bossier City Police Department. The trial court rendered judgment in favor of plaintiff and the intervenor. Defendants have appealed. Plaintiff Dull answered the appeal seeking an increase in the award of damages.
Defendants assert as a defense that the accident was unavoidable and that there was no negligence on the part of White, alleging that the accident was caused by White becoming unforeseeably physically *45 and mentally incapacitated due to a sudden attack or seizure resulting from a brain tumor. Defendant's first specification of error is that the trial court held that White was negligent, contending that the evidence revealed White suffered a blackout due to brain cancer. The patrolman who investigated this accident talked to White at the scene. He testified White told him he saw the red light, saw the car stop in front of him, started applying his brakes, but his foot slipped off the brake pedal. He made no mention of being dizzy or having a blackout. White was taken to the police station and charged with careless and reckless operation of a vehicle and negligent injury. White was released on bond and shortly thereafter he was involved in another automobile accident on the same day on Delhi Street near the police station. The investigating patrolman of the second accident was the driver of the police vehicle involved in the first accident in which Dull was injured. He testified that White told him he had been sick and was taking medicine but made no mention of having a blackout or becoming unconscious. The officer said White appeared to understand what had occurred.
Fulton Jones III, who posted bond for White after the first accident, testified that White seemed "upset and mighty nervous." Fulton Jones, Jr. who posted bond after the second accident, testified that White at this time was a "very mixed up person. He could not read." Mrs. White testified that her husband called her from the police station and told her he had a blackout.
White returned to work for defendants on July 5 sometimes working only a half of a day. He continued to drive his delivery route until July 15. On the day following the accidents White consulted Dr. Wayne Sheppard in Blanchard, Louisiana, his family doctor. He told Dr. Sheppard he had blacked out twice the day before and had run into two different automobiles. White returned for examination on July 3, 15 and 19. On the last occasion Dr. Sheppard recommended that he be hospitalized and White was admitted to Confederate Memorial Medical Center on July 22, 1968 where he died on December 3, 1968 at the age of 60. The death certificate listed "Carcinoma of lungs and Metastasis of brain" as the cause of death. White's widow testified that she had never seen him have a blackout before he was admitted to the hospital.
It has been judicially established in Louisiana that sudden or momentary loss of consciousness while driving is an affirmative defense to an action based on negligence. Deason v. State Farm Mutual Automobile Insurance Company, 209 So.2d 576 (La.App. 3d Cir. 1967); Dean v. Oregon, 195 So.2d 150 (La.App. 1st Cir. 1967). It follows that the person asserting such a defense must establish it by clear and convincing evidence. The trial court concluded that the defendant did not sustain the burden of proof that such a blackout did occur. Upon careful review of the record we agree with the findings of the trial court.
Appellant next urges that the lower court erred in awarding plaintiff Dull damages for loss of vacation and sick leave time. This contention is without merit. The record clearly shows plaintiff would not have taken his vacation when he did had he not had the discomfort caused by his injuries and his inability to perform the duties assigned to him.
Defendant further maintains the trial court erroneously awarded damages to plaintiff for injuries subsequently suffered in a scuffle while making an arrest on August 25 after he had returned to work.
Dr. Robert L. Parkman, Jr. a general practitioner, treated plaintiff after the automobile accident until his discharge in January, 1969. Dr. Parkman diagnosed plaintiff's injuries as a moderate to severe sprain of both the cervical and lumbar areas of the spine. At the time of plaintiff's admission to the hospital Dr. Parkman *46 found plaintiff to be in a mild state of shock, and he was confined in the hospital for a period of 15 days following the accident. On the 5th day of his confinement Dr. Parkman called upon Dr. William W. Fox III, an orthopedic surgeon, to examine, diagnose, and recommend treatment for plaintiff. Dull was placed in traction after admission to the hospital and this continued until his release.
Dr. Parkman testified he visited plaintiff daily while he was confined in the hospital and saw him on sixteen occasions after his release. Dr. Fox, likewise, stated he saw plaintiff on sixteen different visits at the hospital and at his office. Dr. Fox described plaintiff's back injury as a moderate sprain of the cervical, thoracic and lumbar areas. Both physicians were impressed with the sincerity of plaintiff and his desire to return to work. Dr. Fox stated that he advised plaintiff to return to his usual duties as a patrolman but failed to advise him to avoid trying to manually handle rowdy persons.
On August 26, 1968 plaintiff aggravated the existing injury to his back while acting in the course of his duties. He was making an arrest and had to help hold a prisoner. Dr. Fox thereafter advised him to wear a cervical collar, and this he did for a period of more than two weeks. Plaintiff continued to have discomfort and pain in the three areas of his back. Dr. Fox stated the areas of pain and discomfort bounced back and forth but gradually began to clear up. Plaintiff was discharged on January 6, 1969.
This case was tried in the District Court on April 9, 1969 at which time plaintiff had recovered from his injuries. The doctors did testify that plaintiff would be more susceptible to a recurrence of such injuries in the future. The trial court rendered judgment in favor of plaintiff in the sum of $2,750 for pain and suffering and $200 for loss of vacation and sick leave. The judgment of the trial court was made a separate award to the intervenor, Continental Casualty Company, against the defendants for workmen's compensation and medical benefits paid to or on behalf of the plaintiff. Defendant urges that this judgment is ambiguous; that the judgment should have permitted intervenor to be reimbursed by preference and priority out of the amount awarded plaintiff. See LSA-R.S. 23:1103.
We agree that the judgment is ambiguous. Since the entire record is before us and has been carefully considered we may determine the proper and fair award to be given plaintiff out of which sum intervenor should be reimbursed the sums paid to and on behalf of plaintiff. This court is impressed with the fact that plaintiff's health and physical condition prior to the accident, except for one previous injury from which plaintiff had fully recovered, was good. He is represented as a conscientious and hard worker and not known as a complainer. The injuries he received in the accident were very painful and were described as moderate to severe. The treatment was described as conservative but extended over a period in excess of six months. During this time plaintiff was subject to pain and discomfort and fear of aggravating or reinjuring himself.
The cases cited by the learned counsel have been read and considered. This was done with the full awareness of the court of the rule enunciated in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) and in Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964) and followed in subsequent cases, that the adequacy or inadequacy of an award should be determined by the facts and circumstances peculiar to the case under consideration, and the amount of awards in similar cases are relevant only to determine whether there has been an abuse of discretion by the court.
In this light the cases of Husser v. Bogalusa Coca Cola Bottling Company, 215 *47 So.2d 921 (1st Cir. 1968); Dillon v. Pope, 110 So.2d 229 (3d Cir. 1959) and Bowden v. Atlantic National Insurance Company of New York, 165 So.2d 15 (2d Cir. 1964) have been found reassuring to this court in determining quantum herein.
In view of the medical evidence the objective and subjective symptoms of plaintiff's injuries and their persistence over a long period of time, plus the susceptibility of plaintiff having a recurrence thereof, this court fixes the award to plaintiff at $5,000, out of which sum the intervenor, Continental Casualty Company, shall first be paid the sum of $1,602.
Accordingly, the judgment of the trial court is amended to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, David Lee Dull, and against the defendants, The Employers Liability Assurance Corporation, Ltd., Fulton G. Jones, Jr., Fulton G. Jones, III and Ferman D. Jones, doing business as Shreveport Traffic Conference and Fulton Jones Delivery Service, in the sum of Five Thousand and No/100 ($5,000) Dollars with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.
It is further ordered, adjudged and decreed that there be judgment herein in favor of intervenor, Continental Casualty Company and against the defendants, The Employers Liability Assurance Corporation, Ltd., Fulton G. Jones, Jr., Fulton G. Jones, III and Ferman D. Jones, doing business as Shreveport Traffic Conference and Fulton Jones Delivery Service in the sum of Sixteen Hundred Two and No/100 ($1,602.) Dollars for workmen's compensation and medical payments paid by intervenor to plaintiff, David Lee Dull, said Sixteen Hundred Two and No/100 ($1,602.) to be deducted from the judgment in favor of plaintiff against said defendants in the sum of Five Thousand and No/100 ($5,000) Dollars. The sum payable to intervenor shall bear legal interest from date of judicial demand until paid.
In all other respects the judgment is affirmed.
For the reasons herein set forth the judgment of the trial court is amended and as amended affirmed.
Costs of this appeal are assessed to appellees.
Amended and as amended affirmed.