FRUGÉ, Judge.
This is an action for personal injuries and medical expenses incurred as a result of a one-car accident on September 3, 1967. The case was tried before a jury which returned a verdict in favor of defendant, and plaintiff has appealed.
On September 2, 1967, Mrs. Juanita Pre-jean went to the home of Mrs. Ferdie Carr, defendant’s insured. Mr. Mervin Thibo-deaux, a mutual friend of plaintiff and Mrs. Carr, was also there. The trio went to a local lounge in Lake Charles where they met another mutual friend, Mr. Chester Bellard. Mr. Bellard suggested that they go to a club in Rodair, Texas, where one of his relatives was playing music. After changing clothes at Mrs. Carr’s home, the foursome headed for Texas around 8:00 or 9:00 P.M. in Mrs. Carr’s new Buick automobile, with Mr. Thibodeaux driving.
After some difficulty, they found the club and remained there until 1:00 o’clock the next morning. Mrs. Carr insisted that she drive on the return trip to Lake Charles. About four and one-half miles west of Vinton on Interstate 10 the car left the highway, crossed a ditch, and came to rest on a service road. All four passengers were injured. No other vehicles were involved in the accident.
Plaintiff’s specifications of error are that the trial judge erred in his instructions to the jury in three instances, and that the jury’s verdict was contrary to law and the evidence as adduced at the trial.
The first instruction complained of was as follows: “You are charged that a driver of a vehicle who loses control of a vehicle due to a sudden an unexpected momentary loss of consciousness, which was unforeseeable and could not have been avoided by the driver, is not negligent.” Plaintiff contends that the words “due to illness” should have followed “loss of consciousness” and preceded “which was unforeseeable.”
Plaintiff relies on the case of Dean v. Orgeron, 195 So.2d 150 (La.App. 1st Cir. 1967) in support of this proposition. That case involved a head-on collision in which the plaintiff was a diabetic and was trying *608 to use this to refute a plea of contributory negligence by the defendant. The trial court improperly excluded evidence concerning plaintiff’s diabetic condition, but this was a moot point since the defendant was found to be free from negligence. The First Circuit Court, in quoting the law concerning a sudden and momentary loss of consciousness, included “due to illness” in its language, probably because the plaintiff was clearly alleging an illness as the only cause of his condition.
There is nothing in our jurisprudence that says that this is necessary or even proper in all cases involving a sudden, unforeseen loss of consciousness. In the instant case, the defendant did not attribute the sudden loss of consciousness to an illness or any other particular cause, but instead took the position that the cause was unknown. The charge given the jury was consistent with Louisiana jurisprudence and was not prejudicial error. Deason v. State Farm Mutual Auto. Ins. Co., 209 So.2d 576 (La.App. 3d Cir. 1967).
Plaintiff also complains that the trial judge’s refusal to define the word “unforeseeable” was prejudicially erroneous. We think not. The word is fairly well understood by laymen, and there is no reason to single it out for special consideration. The charge as a whole was proper and adequately conveyed to the jury applicable law in the instant case.
Plaintiff further contends that the trial judge’s refusal to charge the jury that “falling asleep while driving was negligence” was erroneous. Since there was no evidence whatsoever indicating that the driver of the car had fallen asleep, there was no reason for such a charge and the trial judge properly refused to give it.
 Plaintiff’s final contention is that the jury’s verdict was contrary to the law and the evidence. As we have seen, a person who experiences a sudden, unforeseen loss of consciousness is not negligent. The testimony of three of the four passengers shows that, immediately prior to the accident, Mrs. Carr said something to the effect of “Grab the wheel, I feel faint.” This indicates that she suffered a sudden fainting spell. Apparently, the jury did not feel that the sudden fainting spell was foreseeable, in that it could be attributed to the consumption of alcohol. The evidence showed that Mrs. Carr had had approximately four “mixed” drinks in the eleven-hour period preceding the accident, and none during the three hours immediately preceding the accident. The jury had ample basis for rendering a verdict for defendant which was consistent with the law and the evidence. Since it is well settled that an appellate court will not set aside a jury verdict where there is sufficient evidence to sustain the verdict, the judgment must be affirmed.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s cost.
Affirmed.