279 So.2d 234 (1973)
RELIANCE INSURANCE COMPANY et al., Plaintiffs-Appellees,
v.
Richard T. DICKENS et ux., Defendants-Appellants.
No. 12107.
Court of Appeal of Louisiana, Second Circuit.
May 30, 1973.
*235 Eugene J. Coen, Shreveport, for defendants-appellants.
Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Shreveport, for plaintiffs-appellees.
Before BOLIN, PRICE and HEARD, JJ.
BOLIN, Judge.
Reliance Insurance Company and White's, Inc., brought suit against Richard T. Dickens and Katheryn Bost Dickens, husband and wife, to recover $4,363.45 paid as a result of an accident occurring February 25, 1970, in which plaintiff's insured, White's, Inc., suffered property damage and the latter's employee, James B. Davis, suffered physical injuries. It was stipulated that if judgment is rendered against defendants the sum sought is the amount of damages sustained by plaintiffs. From judgment in favor of plaintiffs, defendants appeal. We affirm the judgment.
This collision occurred when a delivery truck, owned by White's and being driven by Davis in an easterly direction on East 70th Street, was struck by a 1962 Cadillac, which was owned by Mr. Dickens and was being driven west by Mrs. Dickens on East 70th Street in the City of Shreveport, Louisiana.
As the two vehicles approached each other and were almost in the act of passing, the Cadillac suddenly veered into the path of the truck and the collision occurred. Both drivers were immediately taken to the hospital. The evidence and testimony of eyewitnesses make it clear, and it is not disputed, that Mrs. Dickens, the driver of the Cadillac, was at fault in crossing the middle line of the street and veering into the path of the truck.
Appellants urge that immediately prior to the accident Mrs. Dickens was driving at a prudent rate of speed and had the car under complete control on her side of the street, when she suffered a heart attack causing her to lose control of the car; that she was temporarily unconscious and did not know just what happened after the heart attack and/or any other attacks. Mr. Dickens contends also, should it be determined Mrs. Dickens was responsible for the collision, that she was driving the car without his consent or knowledge and was on a non-community mission; further, that he had specifically informed his wife the car was to be kept in storage (at her mother's domicile) and was not to be driven by her or by anyone else.
Addressing ourselves first to the issue of whether Mrs. Dickens was on a community mission so as to make Mr. Dickens liable for her tort, we find Mr. Dickens' own testimony establishes his wife had driven the Cadillac from the couple's home in Mesquite, Texas; that she had done so with her husband's knowledge and apparent consent; that she frequently visited her mother in Shreveport for a number of weeks at a time and during these visits would visit with her retarded daughter in Shreveport. It was his opinion she was going to visit this daughter at the time of the accident. Although he denied giving his wife specific permission to drive, he also testified he never told her what she could or could not do; that he never forbade his wife from doing anything.
*236 We find from the evidence that Mrs. Dickens was using the community automobile with the actual or implied consent of her husband; that the wife was on a community mission since she habitually used the car for her own convenience and pleasure. Consequently, unless it can be said that she was exculpated because of the suddenness of the attack which ostensibly caused her momentarily to lose consciousness, the husband is liable for her negligent acts. Brantley v. Clarkson, 217 La. 425, 46 So.2d 614 (1950); Vail v. Spampinato, 238 La. 259, 115 So.2d 343 (1959) and Demoss v. Summers (La.App. 2d Cir. 1972) 257 So.2d 164.
We find no evidence Mrs. Dickens suffered a sudden heart attack, although the facts are consistent with the medical opinion that she may have suffered an attack of epilepsy. A letter from Dr. H. H. Vaughan, a physician who had treated Mrs. Dickens, was introduced into evidence with the consent of both parties, which letter was stipulated to reflect the doctor's opinion if he should be called to testify. The letter, which was in response to a request from the attorney concerning the possibility that Mrs. Dickens suffered a stroke just prior to the accident, indicated it was the doctor's opinion she had a type of cerebral manifestation preceding the accident such as an epileptic seizure or a subarachnoid hemorrhage, either of which could have caused her to lose control of her automobile. He stated further that prior to the accident she was known to have hypertension with a strong history of "petit epileptic seizures" and was taking an anti-convulsive medication.
A sudden or momentary loss of consciousness while driving is an affirmative defense to an action based on negligence, and it follows that the person asserting such defense must establish it by clear and convincing evidence. Dull v. Employers Liability Assurance Corp. (La. App. 2d Cir. 1970) 233 So.2d 43. Additionally, defendant must show by a preponderance of evidence that such loss of consciousness was not foreseeable. See Deason v. State Farm Insurance Co. (La.App. 3d Cir. 1967) 209 So.2d 576, and cases cited therein.
Conceding Mrs. Dickens suffered a sudden loss of consciousness at the time of the accident, we must examine the record to determine whether such loss was foreseeable. Mr. Dickens testified his wife had a history of epileptic seizures beginning about eight years prior to the accident; that she also had hypertension and he did not want her to drive; that he did all the driving, as she "didn't have any business driving" since it would be dangerous for herself as well as others. He admitted that though he knew it was unsafe for her to drive, he had never told her not to drive the Cadillac. On cross-examination he was asked if Mrs. Dickens had knowledge of these prior epileptic seizures and her condition, to which he replied in the affirmative. Mrs. Dickens did not testify nor was her statement taken by deposition.
From the foregoing we conclude defendants have failed to absolve Mrs. Dickens from the charge of negligence, since it must have been foreseeable to both defendants that she would be apt to have a blackout or epileptic attack which might cause her to lost control of the car. Gambino v. Lubel (La.App. 4th Cir. 1966) 190 So.2d 152.
Having found Mrs. Dickens' negligence was the sole cause of the accident and that she was on a community mission, the judgment is affirmed at defendants' cost.