340 So.2d 1025 (1976)
Robert J. McDONALD
v.
Dr. Lloyd P. CHAMPAGNE.
No. 11053.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
*1026 J. Peyton Parker, Jr., Baton Rouge, of counsel, for Robert J. McDonald.
Dr. Lloyd P. Champagne, pro se.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a suit by one co-maker who had paid a promissory note against another co-maker for the latter's virile share. The court gave judgment as prayed for and the defendant has appealed.
Defendant specified as errors that the trial court failed to apply: the rule of equitable estoppel; the principle of offset or compensation; and the principle of unjust enrichment. He relies "solely on Louisiana Civil Code Article 21 on equity jurisdiction of the court." He admits: "There is no denial of the propriety of the note, defendant-appellant's viable (sic) portion thereof, nor his obligation to pay if that was as far as it went."
We affirm.
Plaintiff, defendant and two others were partners in a land promotion transaction. Defendant advanced $7,500.00 to plaintiff who, in addition to being a partner, was the realtor and was to make a $20,000.00 commission. When one of the partners died, the transaction was calcelled, over plaintiff's initial objections. To meet accrued expenses, the three partners borrowed $3,400.00 from plaintiff's brother and signed a note. The plaintiff paid this note after maturity and now seeks reimbursement of defendant's virile share. When plaintiff did not repay the $7,500.00 advanced for him by defendant, the latter sued him and secured judgment.
Defendant first contends that plaintiff's failure to assert an offset or counterclaim estops him now. We find it unnecessary to determine whether failure to assert offset as an affirmative defense in one action could ever estop one from asserting it in a subsequent action. The general rule is that estoppels are not favored. One must affirmatively show that he was misled and acted to his prejudice in order to prevail on a defense of equitable estoppel. American Security Bank of Ville Platte, Inc. v. Vidrine, La.App., 255 So.2d 140 (3rd Cir. 1971). There is no showing that defendant ever changed his position to his prejudice in reliance upon McDonald's failure to plead offset in the first suit. The claim is therefore without merit.
He next claims that the interest due him because of forbearance to sue on the $7,500.00 obligation offsets his indebtedness claimed in the present suit.
Compensation is an affirmative defense. C.C.P. Art. 1005. The party who asserts an affirmative defense must prove that defense by a preponderance of the evidence. New Amsterdam Casualty Co. v. Culotta, 230 So.2d 339 (4th Cir. 1970).
The only evidence supporting this defense is the testimony of the defendant himself. There was no documentary evidence establishing any agreement by the plaintiff to pay interest in return for defendant's forbearance to institute suit. Plaintiff testified there was no such agreement. We find no manifest error in the trial court's holding that defendant failed to prove compensation by a preponderance of the evidence.
Defendant asserts plaintiff would be unjustly enriched because he was not paid and did not secure judgment for the payment of interest on the $7,500.00, except from judicial demand.
In an action for unjust enrichment, there must be an absence of justification or cause for the enrichment and the impoverishment. In Edmonston v. A-Second Mortgage Company of Slidell, Inc., La., 289 So.2d 116 (1974), the leading case on the subject, the Supreme Court said:

*1027 "The issue, then, is whether there is a contract, express or implied, between Mrs. Edmonston and A-Second or Standard and A-Second which would justify the enrichment of A-Second. If there is such, the contract is the law between them and it serves as a legal cause or justification for the enrichment. If cause is found, the enrichment is not unjustified and the attempt to invoke the actio de in rem verso must fail. For it is not every unjust enrichment which warrants the resort to equity; only the unjust enrichment for which there is no justification in law or contract allows equity a role in the adjudication."
Dr. Champagne evidently agreed to lend McDonald the money interest free. That contract is the law between the parties. Plaintiff's enrichment was therefore justified.
Defendant cites Civil Code Article 21[1] in an attempt to persuade this court to decide in his favor. Since there is express positive law, this article is not applicable.
The judgment of the trial court is affirmed. Appellant is cast with all costs.
AFFIRMED.
NOTES
[1] Art. 21. "In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent."