DOUCET, Judge.
Plaintiff, Dorothy Brannon, filed suit for damages incurred as a result of injuries sustained in a one car accident. The suit was tried before a judge. The trial court found that the decedent driver, Mrs. Anna Carriere, suffered a sudden loss of consciousness and was therefore not negligent in running off the highway and crashing into a tree. From a judgment rendered in favor of defendants and against the plaintiff, plaintiff appeals. Plaintiff listed nine specifications of error. We shall address them as they arise.
On the evening of January 6, 1984, Mrs. Anna Carriere, Mrs. Beatrice Couvillion, Ms. Julia Lingo, and the plaintiff, Mrs. Dorothy Brannon, ate dinner at the home of Mrs. Carriere’s son in Carenero. The four women left Carenero in Mrs. Carri-ere’s automobile, traveling on La. Hwy. 182, en route to Lafayette. Mrs. Carriere was driving, plaintiff was seated in the front passenger seat, Mrs. Couvillion was seated directly behind plaintiff, while Mrs. Lingo sat directly behind Mrs. Carriere. Approximately 2½ miles north of Lafayette, the car veered off the highway, *1356 crossed a ditch, struck a fence, and finally struck a tree after traveling 240 feet.
Mrs. Carriere was pronounced dead at the scene. The autopsy report stated that she died as a result of injuries sustained in the crash. Mrs. Couvillion and Mrs. Lingo received moderate injuries while the plaintiff was very seriously injured. Since the accident, plaintiff has undergone numerous operations and her medical expenses at the time of trial totaled $135,929.32. She was totally disabled from working at the time of trial and required assistance in her daily living.
Plaintiff filed suit against Mrs. Carriere’s insurer, Shelter Mutual Insurance Company, and her estate. Defendants pleaded the affirmative defense of sudden unconsciousness. Sudden or momentary loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness was not foreseeable. Freyoux v. Estate of Bousegard, 484 So.2d 761 (La.App. 1st Cir.1986), writ den., 486 So.2d 753 (La.1986); Martino v. Aetna Casualty and Surety Co., 351 So.2d 204 (La.App. 4th Cir.1977), writ denied, 353 So.2d 1048 (La.1978); Reliance Insurance Co. v. Dickens, 279 So.2d 234 (La.App. 2nd Cir.1973); Dull v. Employers Liability Assurance Corp., 233 So.2d 43 (La.App. 2nd Cir.1970); Deason v. State Farm Mutual Insurance Co., 209 So.2d 576 (La.App. 3rd Cir.1967).
Plaintiff contends the trial court committed an error of law by not requiring proof of unconsciousness by clear and convincing evidence. Plaintiff cites Dull, supra, for this proposition. In Dull, the appellate court correctly recognized the existence of the sudden unconsciousness defense and characterized it as an affirmative defense. Deason, supra, and Dean v. Orgeron, 195 So.2d 150 (La.App. 1st Cir.1967), were cited for those findings. The court went on to state that: “It follows that the person asserting such a defense must establish it by clear and convincing evidence.”
We agree that sudden unconsciousness is an affirmative defense. “The answer shall set forth affirmatively ... any other matter constituting an affirmative defense.” LSA-C.C.P. art. 1005.
Neither Deason, supra, the first case in Louisiana to fully recognize the defense of sudden unconsciousness, nor Dean, supra, is authority for the proposition that this defense must be established by clear and convincing evidence. The general rule is that the party asserting an affirmative defense bears the burden of proving such defense by a preponderance of the evidence. Confederate Welding v. Bank of the Mid-South, 458 So.2d 1370 (La.App. 2nd Cir.1984), writ den., 462 So.2d 1264 (La.1985); McDonald v. Champagne, 340 So.2d 1025 (La.App. 1st Cir.1976); Crescent Cigarette Vending Corporation v. Toca, 271 So.2d 53 (La.App. 4th Cir.1972).
We conclude that the affirmative defense of sudden unconsciousness must be proven by a preponderance of the evidence. Proof by a preponderance of the evidence means that, considering the evidence as a whole, the proof shows that the fact or cause sought to be proved is more probable than not. Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1976); Andries v. Moore, 467 So.2d 1312 (La.App. 3rd Cir.1985), writ denied, 474 So.2d 1305 (La.1985).
Sgt. Terry Landry, the state trooper who investigated the accident, testified that the weather was clear on the night of the accident. He stated that the vehicle left no skid marks on the highway and he found no defects in the highway itself.
Mrs. Carriere’s son, Uallen, testified that his mother lived in a house trailer behind his home for approximately 9½ months pri- or to the accident. He stated that his mother had no history of blacking out.
The bulk of the testimony at trial was given by the plaintiff, Mrs. Couvillion, and Ms. Lingo. They testified that Mrs. Carri-ere was acting normally while at her son’s home that evening. Although plaintiff testified that she saw Mrs. Carriere make herself two alcoholic drinks, she emphasized that Mrs. Carriere was “perfectly alright”. She did not think the alcohol af *1357 fected the way Mrs. Carriere later drove. Mrs. Couvillion and Ms. Lingo both testified they did not see Mrs. Carriere make any alcoholic drinks. Uallen Carriere testified that his mother “couldn’t stand alcohol”.
The three women all testified that Mrs. Carriere was driving within the speed limit and that she was driving in a normal manner until the car veered off the highway. Plaintiff testified that she was talking with Mrs. Carriere about their respective deceased husbands when the car veered off the road. The next thing she remembered was subsequent to the accident.
Mrs. Couvillion testified that Mrs. Carri-ere and the plaintiff were talking about their deceased husbands when the car “started to pull off the road”. She did not look at Mrs. Carriere and thought she was just pulling off the road. She stated that Mrs. Carriere did not make any comments about not feeling well prior to the car veering off the road. After the car left the road, she stated that it did not take long for it to hit the tree.
Plaintiff alleges the trial court committed manifest error by disregarding the testimony of the plaintiff and Mrs. Couvillion that Mrs. Carriere was conversing with plaintiff when the car left the road and crashed. Plaintiff did not testify that Mrs. Carriere was actually speaking as the car was veering off the road. Mrs. Couvillion initially testified that Mrs. Carriere was speaking at the time the car was running off the road. Minutes later however, in response to a question by the court, Mrs. Couvillion stated, “I don’t know exactly if she (Mrs. Carriere) was talking or Mrs. Brannon was answering her, but they had the conversation going.” In view of the evidence as well as the possibility that the trial court did in fact consider this testimony, we find no merit in this assignment of error.
Ms. Lingo testified that her niece is married to Mrs. Carriere’s son, Uallen. She stated that Mrs. Carriere did not complain of being sick or not feeling well while she was driving. She testified that all four passengers were engaged in a discussion concerning cowboy boots when Mrs. Carri-ere slumped over the steering wheel. Mrs. Carriere’s hands and arms went through the wheel up to her elbows. Ms. Lingo called to Mrs. Carriere to bring the car back onto the road, but she did not respond. Ms. Lingo then got up from her seat and reached over Mrs. Carriere. She testified that she was either reaching for the steering wheel or the ignition. She could not tell whether Mrs. Carriere was conscious or not, but she did not observe her take any actions “whatsoever” after she slumped over the wheel. The next thing she remembered was the car hitting the tree.
Plaintiff contends that the trial court erred by not allowing plaintiff to introduce evidence on cross-examination regarding the settlements entered into by the defendants with Mrs. Couvillion and Ms. Lingo.
The pertinent portion of the cross-examination of Mrs. Couvillion is as follows:
BY COUNSEL FOR PLAINTIFF
Q: “And the insurance company on this vehicle settled that claim with you, is that correct?”
BY COUNSEL FOR DEFENDANTS
“Objection, Your Honor.”
BY THE COURT
“Sustained. It’s immaterial.”
BY COUNSEL FOR PLAINTIFF
“I have no further questions, Your Hon- or.”
The general rule is that evidence of compromise and settlement is inadmissible for the purpose of establishing liability. Champion v. Panel ERA Manufacturing Co., 410 So.2d 1230 (La.App. 3rd Cir.1982), writ den., 414 So.2d 389 (La.1982); Belanger v. Employer’s Mutual Liability Insurance Company of Wisconsin, 159 So.2d *1358 500 (La.App. 1st Cir.1983), writ den., 245 La. 949, 162 So.2d 8 (1964). Evidence of such compromise or settlement may however, be of some probative value in determining the veracity of a witness’ testimony and may, therefore, sometimes be admissible. Belanger, supra.
In her specifications of error and in her brief, plaintiff-appellant cites testimony of Mrs. Couvillion favorable to her position. Here, she urges that we find error on the grounds that the trial court did not allow testimony which would have allegedly undermined Mrs. Couvillion’s credibility. Except for one instance, the substance of Mrs. Couvillion’s testimony mirrors that of the plaintiff. When the objection was made, counsel for plaintiff did not advise the trial court of his purpose in asking the question. We note that counsel-for-plaintiff’s stated grounds for the admissibility of similar testimony of Ms. Lingo, was that it tended to establish negligence on the part of Mrs. Carriere. Such evidence is inadmissible for that purpose. Champion, supra, Belanger, supra. For these reasons, we find that any error in the trial court’s ruling was harmless.
The pertinent portion of the cross-examination of Ms. Lingo is as follows:
BY COUNSEL FOR PLAINTIFF
Q. “And were you paid for injuries that you received in this accident?”
BY COUNSEL FOR DEFENDANTS
“Objection, Your Honor.”
BY THE COURT
“Sustained.”
BY COUNSEL FOR DEFENDANTS
“It’s irrelevant.”
BY COUNSEL FOR PLAINTIFF
“Your Honor, I think that first of all this witness is being offered for purposes of establishing that there would have in fact been no fault on the part of the driver, and I think that certainly under these circumstances, the fact that she has made a claim and has been successful in making that claim, certainly lends evidence and credence to the fact that there was in fact negligence. I believe for that reason, Your Honor, it would be admissible.”
BY THE COURT
“I disagree with you, Counsel.”
Counsel’s stated grounds for the admissibility of evidence of Ms. Lingo’s settlement was that it tended to establish negligence on the part of Mrs. Carriere. Such evidence is inadmissible for this purpose. Champion, supra, and Belanger, supra. We find no error in the trial court’s ruling.
Plaintiff contends that the trial court committed manifest error in evaluating the credibility of Ms. Lingo because it did not consider Ms. Lingo’s relationship by marriage to Mrs. Carriere and the differences between Ms. Lingo’s testimony and the testimony of the plaintiff and Mrs. Couvillion. A trier of fact has much discretion in evaluating the credibility of witnesses. Dupre v. South Central Bell Telephone Co., 318 So.2d 145 (La.App. 3rd Cir.1975). A trial court’s judgment in regard to the credibility of witnesses will not be disturbed unless clearly erroneous. Steib v. Schwegmann Brothers Giant Super Markets, 396 So.2d 464 (La.App. 4th Cir.1981); McMillan v. Travelers Insurance Co., 371 So.2d 1213 (La.App. 1st Cir.1979). Further, the record in this case lends no support to plaintiff’s claim that the trial court did not consider these factors in assessing Ms. Lingo’s credibility. We find no merit in this contention of error.
The autopsy report listed the cause of Mrs. Carriere’s death as multiple blunt force injuries to the chest and abdomen sustained in the crash. The mode of death was listed as accidental. The report noted the presence of artheriosclerotic cardo-vas-cular disease with up to 50% narrowing of the coronary arteries. No conclusions *1359 were stated by the coroner regarding this condition. In his reasons for judgment, the trial judge wrote, “This condition may have accounted for her losing consciousness.”
Plaintiff characterizes this statement as a “speculation” and contends that it constitutes manifest error. The wording of this “speculation” and its placement at the end of the trial judge’s factual reasons for judgment, indicate that it was mentioned as a possible explanation of Mrs. Carriere’s sudden, unexplained, loss of consciousness which, the trial judge had apparently already decided, had occurred. The record does not contain evidence of the specific cause of Mrs. Carriere’s sudden loss of consciousness. The record does, however, support the trial court’s conclusion that Mrs. Carriere suffered a sudden loss of consciousness. The placement of this speculation in the trial judge’s reasons for judgment was not manifestly erroneous.
In his reasons for judgment, the trial judge also wrote:
“She [plaintiff] did not testify as to the driver losing consciousness.
♦ * * * * *
It is to be noted, however, that her attorney, in his petition, alleges in Paragraph 6 that ‘she fell sick immediately prior to the accident losing consciousness, resulting in her vehicle running off of the road and striking a tree.’ ”
Plaintiff alleges that it was manifest error for the trial court to rely on this portion of her petition in reaching its decision.
Construing plaintiff’s petition as a whole, we find a cause of action set forth based on the negligence of Mrs. Carriere. Soniat v. White, 155 La. 290, 99 So. 223 (1924). The full sentence of Paragraph 6, the second part of which was quoted by the trial judge, reads as follows:
“It is further shown that if, in fact, it was not the crash which caused the death of the said Anna Joyce Meche Carriere, that she fell sick immediately prior to the accident, loosing [sic] consciousness, resulting in her vehicle running off the roadway and striking a tree.”
Whatever plaintiff’s reasons for including this particular sentence in her petition, it appears that the second part was intended to be considered only if it was shown that Mrs. Carriere did not die as a result of the crash. The only evidence as to the cause of Mrs. Carriere’s death, the coroner’s report, states that her death resulted from injuries received in the crash.
Even if the trial court erred in considering this isolated portion of plaintiff’s petition, it was not manifest error, because the record otherwise provides ample support for the trial court’s conclusion that Mrs. Carriere suddenly lost consciousness.
Finally, plaintiff urges that this court find manifest error in the trial court’s conclusion that Mrs. Carriere suddenly lost consciousness, thus absolving her of any negligence. Plaintiff cites as reasons the fact that Ms. Lingo testified that she could not tell whether Mrs. Carriere was conscious or not; the fact that the coroner’s report listed the cause of Mrs. Carriere’s death as resulting from injuries sustained in the accident; the fact that Mrs. Couvil-lion stated that she believed Mrs. Carriere died from hitting the tree; as well as a general dearth of evidence supporting the trial court’s conclusion.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.”
Canter v. Koehring Co., 283 So.2d 716 (La.1973). “Manifestly erroneous, in its simplest terms, means clearly wrong.” Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The bulk of Ms. Lingo’s testimony clearly supports the conclusion reached by the trial court that Mrs. Carriere suddenly lost consciousness. We agree that the evidence establishes that Mrs. Carriere died as a result of injuries sustained in the accident. This fact does not preclude the trial court’s *1360 finding that Mrs. Carriere lost consciousness.
The evidence shows that Mrs. Carriere had no history of blackouts. She was acting normally the evening of January 6, 1984. The weather was clear. Mrs. Carri-ere was driving normally and within the speed limit when the accident occurred. There is no evidence that she lost control of the car because of inattentiveness on her part. There was no evidence that Mrs. Carriere attempted to apply the brakes or change the course of her automobile as it veered off the highway and into a tree.
The evidence in the record provides ample support for the trial court finding that Mrs. Carriere suddenly lost consciousness and was therefore not negligent. This finding absolved Mrs. Carriere’s insurer, Shelter Mutual Insurance Company, and her estate for any liability for damages incurred by Mrs. Brannon as the result of the terrible injuries she sustained in this accident.
DECREE
For the reasons assigned, we affirm the judgment of the trial court. All costs are to be paid by plaintiff-appellant.
AFFIRMED.