VICTOR HARDISON
v.
ENCOMPASS INSURANCE AND THE ESTATE OF JOHN J. FIELDING, SR.
No. 2008 CA 0271
Court of Appeals of Louisiana, First Circuit.
October 31, 2008.
NOT DESIGNATED FOR PUBLICATION
JOHN M. ROBIN, Attorney for Plaintiff/Appellant, Victor Hardison
DARRIN M. O'CONNOR, Attorney for Defendant/Appellee, Encompass Insurance Company.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C. J.
This is an appeal of a trial court judgment granting summary judgment in favor of an insurance company on the issue of liability related to an automobile accident.

FACTS
This suit arises from an automobile accident that occurred at approximately 1:30 p.m. on April 25, 2005, when a car driven by John Fielding, Sr., struck the rear of a truck operated by Victor Hardison. According to a following motorist who witnessed the accident, the Fielding vehicle began moving erratically. There appeared to be something happening between Mr. Fielding and his passenger, with Mr. Fielding disappearing from view for a short time. Mr. Fielding was pronounced dead approximately one hour after the accident. The cause of his death was determined to be a massive heart attack.
Mr. Hardison filed suit against Mr. Fielding's liability insurer, Encompass Insurance Company (Encompass). Encompass answered and asserted the affirmative defense that Mr. Fielding experienced a sudden loss of consciousness and, as such, was not negligent with regard to the accident. In the alternative, Encompass pled that the accident was the result of an act of God and/or force majeure, as Mr. Fielding suffered a heart attack immediately prior to the accident and/or that the accident was unavoidable or inevitable, thereby relieving Mr. Fielding of any liability.
Encompass moved for summary judgment on the issue of liability, relying on the deposition testimony of St. Tammany Parish Coroner, Dr. Peter Galvin, as well as the coroner's investigative report, and the deposition testimony of Sarah Dunn, the following motorist who witnessed the accident. After due consideration, the trial court granted summary judgment in favor of Encompass and dismissed Mr. Hardison's claims against Encompass. Mr. Hardison now appeals.[1]

DISCUSSION
Sudden or momentary loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness was not foreseeable. Brannon v. Shelter Mutual Ins. Co., 507 So.2d 194, 195 (La. 1987). The party asserting the affirmative defense of sudden unconsciousness to a negligence claim must prove the facts giving rise to the defense by clear and convincing evidence. Id. at 197. Thus, the fact of unconsciousness must be proven to be highly probable; that is, much more probable than its nonexistence. Id.
Dr. Galvan performed an autopsy on Mr. Fielding's body and determined that at the time of his death, Mr. Fielding was eighty years old and suffered from established coronary disease as well as diabetes. At the time of the autopsy, Mr. Fielding had significant and severe advanced blockages of his coronary arteries, with 100% blockage of his LAD and 90% blockage of the right coronary artery. Dr. Galvan testified that Mr. Fielding suffered a sudden massive heart attack, which Dr. Galvan was convinced occurred before the accident, although he could not state whether it occurred minutes or hours before.
Dr. Galvan's examination and review of the witnesses' statements led him to believe that while driving Mr. Fielding became incapacitated and was not able to operate his vehicle and was not aware of his surroundings. However, Dr. Galvan could not state with certainty whether Mr. Fielding was somewhat or totally unconscious, or even dead, before the accident. Dr. Galvan did opine that with Mr. Fielding's severe degree of heart disease, sudden or quick death would be expected.
Dr. Galvan was questioned about the rate at which Mr. Fielding's heart condition progressed and explained that a 100% blockage does not happen suddenly, but results from a slowly progressing blockage. Mr. Fielding's heart also had some scarring, which indicated to Dr. Galvan that Mr. Fielding suffered a prior heart attack some weeks or months before the accident. In general, Dr. Galvan attested that Mr. Fielding had a history of heart failure.
Sarah Dunn was driving her vehicle behind the Fielding vehicle immediately prior to the accident. She testified that she observed the Fielding vehicle begin to drive erratically, including speeding up to approximately 45 miles per hour then slowing down to approximately 25 miles per hour and swerving left to right. Ms. Dunn stated it looked as though the Fielding vehicle might turn off the road into a parking lot, then the car quickly jerked back onto the roadway, sped up, then collided with the pickup.
From her vantage point directly behind the Fielding vehicle, Ms. Dunn could see into the Fielding vehicle and observed "some kind of commotion in the car." She explained that she could not see the driver for a short time, that he did reappear, and that at one point, "[t]he passenger was reaching over to the floor board maybe to get his foot off of the gas or the brake. It looked like he was struggling to stay. . . . in control of the vehicle." When asked whether she noticed if the driver was conscious or unconscious during the commotion, Ms. Dunn answered, "I have no idea how conscious he was, but he was struggling." She elaborated that, in her opinion, Ms. Fielding was not the only one struggling, that "[t]here was a struggle with trying to take over the power of the vehicle at that point. . . . I could see them both struggling to do something and the car moving." Ms. Dunn stopped after the accident, but others came to aid the parties involved, and she did not see Mr. Fielding after the collision.
In support of its motion for summary judgment, Encompass also relied on the coroner's report, and particularly the description of the incident set forth by the coroner's investigator, including a hearsay statement attributable to Ms. Fielding, who was a passenger in the Fielding vehicle. Evidence that is inadmissible due to being unverified hearsay cannot be considered either at a motion for summary judgment or at trial. See LSC.E. arts. 801C, 802, and 803(8)(b)(i). Accordingly, Encompass cannot rely on this evidence to satisfy its burden of proof for purposes of the motion for summary judgment.
On the motion for summary judgment, it was Encompass's burden to prove that there is no genuine issue of material fact as to whether the evidence establishes by clear and convincing evidence that Mr. Fielding suffered sudden unforeseeable unconsciousness prior to the accident. Based on our de novo review, we conclude that Encompass did not present evidence sufficient to meet its high burden of proof on the motion. There remain genuine issues of material fact as to whether Mr. Fielding was suddenly and unforeseeably rendered unconscious due to the heart attack at the time of the accident.
The second defense urged by Encompass as a basis for summary judgment on the issue of liability, is that the accident was unavoidable or inevitable. The doctrine of unavoidable or inevitable accident operates to relieve a person of liability but only applies after the person invoking it shows that he himself was in no way to blame for the accident. Seals v. Morris, 410 So.2d 715, 718-719 (La. 1982).
Encompass relied on the same evidence to prove its entitlement to summary judgment on this basis as it did for proof of sudden unforeseeable unconsciousness. Again, we conclude that the evidence falls short of proving entitlement to summary judgment. Genuine issues of material fact remain as to whether the accident was indeed avoidable or inevitable. Sarah Dunn testified that she questioned whether the Fielding vehicle was leaving the roadway to turn into the parking lot of an adjacent business. Her testimony regarding what appeared to her to be a struggle in the vehicle for control raises further issues of fact.

CONCLUSION
Considering the foregoing, we reverse the judgment of the trial court granting summary judgment in favor of Encompass and dismissing Mr. Hardison's claims against Encompass. This matter is remanded for further proceedings. Costs of this appeal are assessed to Encompass Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] Catherine Fielding, Mr. Fielding's widow, who was a passenger in the Fielding car at the time of the accident, filed a separate suit for damages. In that case, a different division of the trial court similarly granted summary judgment in favor of Encompass, finding that Mr. Fielding could not be held liable for the accident. An appeal of that judgment is addressed in Fielding v. Encompass Ins. Co., 08-0926 (La. App. 1 Cir. _/ _/08) (unpublished). We stress that these suits were not consolidated at the trial court level and were actually heard before different divisions of the trial court. Therefore, the evidence presented in each suit is unique to the respective suit.