I,STEWART, J.
This appeal arises from the Fourth Judicial District Court, Ouachita Parish, the Honorable Charles E. Joiner, presiding. The plaintiffs in this class action lawsuit appeal the jury verdict in favor of the defendants. At trial, the jury decided that the defendants had proven by clear and convincing evidence that the accident was caused when the defendant, McGregor, suffered an unexpected and unforeseen loss of consciousness. The trial court summarily denied the plaintiffs’ Motion for Judgment Notwithstanding the Verdict, or a New Trial. This appeal followed. We reverse, render, and remand.
FACTS
On December 31, 1992, in Monroe, Louisiana, an accident occurred between 4:00 and 4:15 p.m.. The defendant, Robert McGregor (McGregor), was driving a tractor trailer rig owned by defendant, TRISM Specialized Carriers, Inc., in a westerly direction on Interstate 20 when the vehicle drifted from the westbound lanes of 1-20 into the median of the highway, up the other side of the median, across two lanes of oncoming traffic, through a chain-link fence, into and out of a concrete drainage canal, and finally came to rest in the yard of a residence. The 18-wheeler was carrying 12 Hawkeye missiles, which are Class “A” explosives. An evacuation of the neighborhood followed. The evacuation was ended by approximately 10:00 a.m. the following day, January 1,1993.
A Petition in Class Action for Litigation and Recovery of Damages in Mass Tort was filed on February 5, 1993, pursuant to LSA-C.C.P. Arts. 591, et seq. The plaintiffs in this class action include the residents who were forced to evacuate their homes on December 31, 1992, and all others similarly situated as a result of the accident. The plaintiffs allege that they were exposed to physical injury, |2sustained psychological injuries, evacuation expenses and inconvenience and property damages.
The defendants, McGregor, TRISM Specialized Carriers, Inc., and Continental Insurance Company asserted in the responsive pleadings that the accident was caused by an unexpected and unforeseeable loss of consciousness suffered by McGregor just before the accident. A jury trial was commenced on July 14,1997.
During the trial, Drs. Antti Maran, Karen Beene and Douglas Gohn, testified that they diagnosed McGregor as having suffered from cough syncope on the day of the accident. A cough syncope diagnosis means loss of consciousness from coughing. The doctors based their diagnosis upon the patient telling them that he coughed and could not remember anything after that, leading to the conclusion that McGregor passed out.
The plaintiffs’ urge that McGregor knew from prior spells that he had a problem, that McGregor suffered from asthmatic bronchitis and that the defendants failed to meet their burden of proving that the accident was caused by an unexpected and unforeseeable loss of consciousness.
At trial, the jury decided that the defendants had proven by clear and convincing evidence that defendant McGregor suffered an unexpected and unforeseen loss of consciousness. The trial court summarily denied the plaintiffs’ Motion for Judgment Notwithstanding the Verdict, or a New Trial. The plaintiffs appeal, urging three assignments of error.
*499 DISCUSSION
In Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) the Louisiana Supreme Court explained:
| git is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978) [remaining citations omitted].
In furtherance, the Rosell court stated at 844 that:
The Louisiana Constitution provides that the appellate jurisdiction of a court of appeal extends to law and facts. La. Const. 1974, Art. V Sec. 10(B). This provision, resulting from Louisiana’s history as a civilian jurisdiction, has been interpreted as giving an appellate court the power to decide factual issues de novo. The exercise of this power is limited, however, by the jurisprudential rule of practice that a trial court’s factual finding will not be upset unless it is manifestly erroneous or clearly wrong. Nevertheless, when the court of appeal finds that a reversible error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975). See also, McLean v. Hunter, 495 So.2d 1298 (La.1986); Otto v. State Farm Mut. [Auto] Ins. Co., 455 So.2d 1175 (La.1984); Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980). [Emphasis added].
BURDEN OF PROOF
In the first assignment of error, the plaintiffs urge that the jury legally erred in finding that the defendants met their burden of proof, by clear and convincing evidence, that the accident was caused by an unexpected and unforeseeable loss of consciousness. The plaintiffs argue that neither McGregor nor his wife mentioned to anyone for days after the accident that he was unconscious. Moreover, witnesses testified that McGregor got out of the truck conscious and asking about his wife immediately after the accident. The plaintiffs further urge that inconsis-tences in the videotaped pre-trial deposition of Mrs. McGregor raise questions as to whether her testimony is believable and whether it rises to the level of clear and convincing proof. The plaintiffs note that the trial court expressed concern that the McGregors did not appear at trial, providing no opportunity for Ucross examination. Therefore, the trial court erred in not granting a Judgment Notwithstanding the Verdict or a New Trial.
On the other hand, the defendants argue that there is no other reasonable hypothesis for what happened other than the fact that McGregor suffered an unexpected and unforeseeable cough syncope that McGregor was free from fault, and that medical evidence, physical evidence and eye witnesses’ testimony provide clear and convincing evidence of a sudden loss of consciousness. We disagree.
In an action to recover damages for injuries allegedly caused by another’s negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). However, once the defendant pleads an affirmative defense, such as sudden unforeseeable loss of consciousness, the burden shifts from the plaintiff to the defendant. The defendant has the burden of proving an affirmative defense by clear and convincing evidence. Clear and convincing evidence is an intermediate standard of persuasion. It requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. The existence of the disputed fact must be highly probable; that is, much more probable than its nonexistence. Brannon v. Shelter Mut. Ins. Co., 507 So.2d 194, 197 (La.1987); Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La.1976); Mitchell v. AT & T, 27,290 (La.App.2d Cir. 8/28/95), 660 So.2d 204, writ de *500 nied 95-2474 (La.12/15/95), 664 So.2d 456; Renter v. Willis-Knighton Medical Center, 28,589 (La.App. 2 Cir. 8/23/96), 679 So.2d 603.
The clear and convincing evidence standard for the affirmative defense of unforeseeable and sudden loss of consciousness requires that the evidence be strong enough, highly probable, more than probable but less than beyond a ^reasonable doubt, to overcome the presumption of the defendant’s fault and to establish the defendant’s freedom from all fault to the exclusion of any reasonable hypothesis to the contrary. Fuller v. State Farm Mut. Auto. Ins. Co., 29,641 (La.App. 2 Cir. 6/23/97), 697 So.2d 722 and Reliance Ins. Co. v. Dickens, 279 So.2d 234 (La.App. 2d Cir.1973). The evidence in this record does not meet that standard.
First, McGregor, having caused the accident by leaving his own traffic lane, is presumed guilty of negligence and the onus rested on him to demonstrate that the accident resulted from such a state of unforeseeable circumstances beyond his control. Second, the defendants must establish freedom from all fault by clear and convincing evidence. This record simply does not show that it is highly probable that McGregor was free of any fault and did not contribute in any manner to the accident.
The medical history of McGregor contains evidence of his treatment and complaints for conditions that cause coughing or respiratory problems, such as asthmatic bronchitis and emphysema. McGregor’s emergency room admission notes dated December 12, 1992, indicate a medical history of bronchitis, smoking lié — 2 packs of cigarettes daily, that he was on Ventolin for bronchitis, and that he had prior episodes of cough-induced near fainting spells or fainting spells. These notes further indicate that on arrival at the hospital, McGregor denied a loss of consciousness and not until days after the accident did he claim loss of consciousness.
Dr. Maran testified for the defense that he found McGregor to have chronic bronchitis, chronic lung disease, a chronic cough condition, and that on the day of |6the accident McGregor suffered bronchitis-induced cough syncope. Dr. Maran defined cough syncope as:
“When a person coughs, there are changes that may occur physiologically. There can be some folks who have an overly sensitive cardiac sensor to that cough that can slow down the heart rate ... And sometimes an excessive cough can cause a marked reduction in blood pressure or a change in brain flow, or maybe a combination of all of the above. There is not a lot of research on the subject. There’s not a lot of people who have the problem. But the final result is that some folks — and probably more commonly, folks who have chronic lung disease, emphysematous disease, bronchitis disease, or some heart disease-congenital heart disease, with a cough will pass out. They will lose consciousness with a severe cough.”
Although, Drs. Maran, Karen Beene and Douglas Gohn, testified during the trial that they diagnosed McGregor as having suffered from cough syncope on the day of the accident, the doctors further agreed that their diagnosis was based upon the medical history and information provided to them by McGre-gor. Included in McGregor’s history was a letter of January 12, 1993, from Dr. Gohn to Dr. Mitchell Fuhrman of St. Francis Medical Center, regarding an evaluation of McGre-gor, stating “[McGregor] related that on several other occasions, with hard coughing, he became extremely lightheaded and near syn-copal.” Moreover, the experts hired by TRISM, after conducting numerous tests, were unable to induce a cough syncope episode in McGregor.
There is conflicting evidence and testimony as to whether McGregor suffered an unforeseeable loss of consciousness due to cough syncope. We find that the defendants’ evidence of a sudden unforeseeable loss of consciousness is not so strong as to overcome the presumption of the defendant’s fault and to establish the defendant’s freedom from all fault to the exclusion of any other reasonable hypothesis to the contrary.
bWe conclude, therefore, that the defendants have not borne their burden of proof by clear and convincing evidence. The jury’s determination that the defendants met the high burden of proof by clear and convincing *501 evidence is in error. The fact finder’s determinations are clearly wrong. After conducting an independent review of the record, we must reverse the jury verdict to render a just and proper decision on the evidence adduced at trial. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
WANTON OR RECKLESS DISREGARD FOR PUBLIC SAFETY
In the second assignment of error, the plaintiffs urge that the trial court erred in not finding thát the health and safety of hundreds of residents of Ouachita Parish were placed in jeopardy and that the defendants engaged in any wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous substances. The defendants stipulated that the truck was carrying hazardous materials.
The record reveals that upon agreement of the parties and under the supervision of the court, the trial was to be held in two stages. As to the first stage, the parties stipulated that if the defendants were unsuccessful in establishing their affirmative defense, by clear and convincing evidence, the defendants were liable for compensatory damages. However, if the defendants were successful in proving their affirmative defense, by clear and convincing evidence, then the defendants were not liable for either compensatory or exemplary damages. The jury, having found that the defendants proved their affirmative defense in the trial court, never reached the issue of exemplary damages.
We have since concluded that the jury committed reversible error of material fact in finding that the defendants proved their affirmative defense. Therefore, we are required to determine the facts de novo from the entire record 1 8and render a judgment on the issue of exemplary damages. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980). [Emphasis added].
The plaintiffs contend that since McGregor reported to several physicians that in the past he had experienced coughing spells, had become dizzy and nearly loss consciousness, McGregor knew he should not be driving 18-wheelers loaded with Hawkeye missiles. The plaintiffs also argue that TRISM failed to adequately mark the truck with warnings to protect the public in case of an emergency, the manifests were not clear about the nature of the cargo, and the log book in the truck had not been kept up-to-date. The plaintiffs submit, therefore, that the actions of the defendants clearly put the public at jeopardy.
The defendants counter that all licensing and registration requirements for the transportation of the materials were up-to-date, that all placards required by the Department of Defense and/or Department of Transportation were in place and that the missiles were very well secured in place after the accident. The defendants also argue that two different electronic tracking systems were used to monitor the truck and its cargo at any given time and that an in-depth investigation of the matter conducted by the United States Department of Defense resulted in no charges or other sanctions against the defendant truck company, TRISM.
To recover under, LSA-C.C. art. 2315.3, the statute authorizing exemplary damages where plaintiffs injuries were caused by defendant’s wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances, the plaintiff must prove: (1) that defendant’s conduct was wanton and reckless, involving extreme departure from ordinary care in situations [ ¡¡where high degree of danger is apparent; (2) that the danger created by defendant’s conduct threatened or endangered public safety; (3) that the conduct occurred in the storage, handling or transportation of hazardous or toxic substances; and (4) that the plaintiffs injury was caused by the defendant’s conduct. LSA-C.C. art. 2315.3.
More specifically, a plaintiff must prove that the defendant acted with “wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances. ‘Wanton’ and ‘reckless’ have been defined as that degree of *502 fault which lies between intent to do wrong, and the mere reasonable risk of harm involved in ordinary negligence.... The usual meaning ... is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.” Lasha v. Olin Corp., 91-459 (La.App. 3d Cir.3/2/94), 634 So.2d 1354, 1360, quoting Cates v. Beauregard, Elec. Coop., 316 So.2d 907, 916 (La.App. 3d Cir.1975), aff'd, 328 So.2d 367 (La.1976), cert. den., 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). In other words, a plaintiff must prove the defendant’s alleged acts and omissions of negligence were accompanied by a conscious indifference to consequences amounting almost to a willingness that harm to the public safety would follow. Fuselier v. Amoco Prod. Co., 607 So.2d 1044, 1050 (La.App. 3d Cir.1992); Griffin v. Tenneco Oil Co., 531 So.2d 498, 501 (La.App. 4th Cir.1988), writ denied, 534 So.2d 430 (La.1988).
The evidence adduced by defendants shows defendants relied on statements to them that McGregor was qualified under federal regulations to drive. This evidence belies any knowledge by defendants that public safety was at risk, and | ipthere is no evidence defendants should have known of a risk due to McGregor’s prior episodes of coughing, leading to fainting or near fainting spells.
According to the videotaped deposition of Dr. W. Scott Alexander, an expert in the field of emergency medicine, he performed a head-to-toe general physical examination of defendant McGregor pursuant to the DOT regulations on September 16, 1992. Dr. Alexander testified that McGregor did not provide him with his medical history of chronic bronchitis, chronic obstructive pulmonary disease from smoking, chronic cough with lightheadedness and chronic shortness of breath with exertion. Dr. Alexander further testified that he certified McGregor qualified under federal regulations to drive a truck based upon his examination of McGregor on September 16,1992. There is no evidence in the record to show that the defendants were aware of McGregor’s negative medical history prior to the accident.
Accordingly, we find that the plaintiffs failed to show that the defendants acted or failed to act with a conscious indifference to the safety of the public amounting to a willingness to do harm. The plaintiffs have offered no countervailing evidence whatsoever which could lead to the conclusion that the defendants exhibited wanton or reckless disregard to public safety. Although McGregor continued to drive with a history of prior episodes of coughing, leading to fainting or near fainting spells, there is no evidence of prior accidents as a result of his continuing to drive. McGregors’ acts and omissions of negligence were not accompanied by a conscious indifference to consequences amounting almost to a willingness that harm to the public safety would follow. Although such conduct is negligent, it does not rise to the level of wanton or reckless disregard to public safety.
| nFor these reasons, we conclude, based upon the evidence adduced at trial, that the plaintiffs’ injuries were not caused by the defendants’ wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances and that exemplary damages are not warranted in this case.
After the jury returned a verdict finding no fault on the part of the defendants, the jury was dismissed. Therefore, the issue of compensatory damages was not addressed by the jury. Having concluded that the jury was clearly wrong in determining that the defendants met the high burden of proof by clear and convincing evidence, and that the plaintiffs failed to prove that the defendants acted with wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances, we remand this case to the trial court for further proceedings on the issue of compensatory damages.
DECREE
For these reasons, the judgment of the trial court is reversed and there is now judgment in favor of the plaintiffs and against the defendants decreeing the liability of the de *503 fendants for the injuries to the plaintiffs; the case is remanded to the trial court to fix plaintiffs’ compensatory damages, all at the cost of defendants.
REVERSED, RENDERED AND REMANDED.
BROWN, J., concurs with written reasons.