# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-1005


**SARAH BARBER, ET AL.**

**VERSUS**

**LOUISIANA MUNICIPAL RISK**

**MANAGEMENT AGENCY GROUP**

**SELF-INSURED FUND, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 251,753
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.


**REVERSED IN PART AND AFFIRMED IN PART.**

**Jeff Landry**
**Attorney General**
**Robert L. Bussey**
**Lewis O. Lauve, Jr.**
**Special Assistant Attorneys General**
**P. O. Drawer 8778**
**Alexandria, LA 71306**
**(318) 449-1937**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State of Louisiana**

**Lance B. Williams**
**Joshua Dierker**
**McCranie, Sistrunk, Anzelmo, Hardy, McDaniel**
    **& Welch, LLC**
**195 Greenbriar Blvd., Suite 200**
**Covington, LA 70433**
**(504) 831-0946**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Estate of Larry Jeane, Sr.**

**Derrick G. Earles**
**David C. Laborde**
**Jeff D. Easley**
**Laborde Earles Law Firm, LLC**
**603 N. Washington St.**
**Marksville, LA 71351**
**(318) 261-2617**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Sarah Barber**
    **Jamie Turner**
    **Racheal Spivey**
    **Jamie Turner, o/b/o Abbigail Turner**
    **Elizabeth Spivey**
    **Dana Spivey**
    **Wallace Spivey**
    **Racheal Spivey**

**GREMILLION, Judge.**

In this tort case, Appellants, The Estate of Larry Jeane, Sr., Republic Fire & Casualty Insurance Company, and the State of Louisiana, appeal a partial summary judgment on the issue of liability in favor of Appellees. For the reasons that follow, we reverse in part and affirm in part.

## FACTS

This matter was initiated by the filing of a petition for damages concerning a motor vehicle accident that occurred on July 18, 2014, when the vehicle driven by then-Pineville City Marshal, Larry Jeane, Sr., crossed the center line of Louisiana Highway 107 and struck the vehicle occupied by Appellees, Sarah Barber; Jamie Turner; Racheal Spivey; the minor, Abbigail Turner; Elizabeth Spivey; Dana Spivey; and Wallace Spivey. As a result of this collision, the occupants assert that they sustained injuries.

Appellees filed a motion for partial summary judgment on the issue of Mr. Jeane's liability and asserting that they were free from fault. In support of their motion, Appellees submitted the affidavit of Ms. Sandra Shannon, who was operating the vehicle immediately in front of the Appellees' vehicle and witnessed the collision. In her affidavit, Ms. Shannon also attested to the fact that she gave a recorded statement to Pineville police officers and to the fact that a true and correct transcript of the statement was attached to her affidavit. Appellee Sarah Barber's affidavit was also attached. Appellees also attached the deposition of current Pineville City Marshal, Sarah A. Smith.

Ms. Shannon's affidavit stated that on July 18, 2014, she was driving north-bound on Highway 107 at approximately forty-five miles per hour when she saw a

southbound pickup truck enter her lane. Ms. Shannon avoided being hit, but saw, in her rearview mirror, the vehicle behind her collide with the truck. In her recorded statement, Ms. Shannon stated, "I had plenty of time to get over but I looked as he came closer and I could see he was slumped over." The movement of the truck into her lane was described by Ms. Shannon as "veering gently." She stated that there may have been another vehicle between her and the one hit by the truck.

Ms. Barber attested that she was driving north on highway 107 when "suddenly, without any prior warning, she saw the vehicle in front of her swerve onto the shoulder." She then saw a pickup truck traveling south in the northbound lane. She attempted to get as far over as she could but was unable to avoid the collision. The next thing she could recall was being extricated from the vehicle by emergency personnel using the "jaws-of-life."

Marshal Smith testified that she was not present at the scene until she was notified by Mr. Michael Gates of the Marshal's office that Mr. Jeane had been involved in an accident. She went to the scene, where she found Mr. Jeane already loaded into an ambulance. She rode in the ambulance with Mr. Jeane to the hospital. Mr. Jeane told her that he did not know what had happened. After the accident, Marshal Smith checked Mr. Jeane's cell phone records.[1]

After filing their motion, Appellees supplemented the motion through the filing of a supplemental memorandum. The certified records of Rapides Regional Medical Center (RRMC) regarding Mr. Jeane's treatment were introduced. The physician who primarily attended to Mr. Jeane's care at RRMC, Dr. Jeremy Timmer, noted that Mr. Jeane was "on the phone with a friend, possible low blood

---

[1] The excerpt of Marshal Smith's deposition that was introduced to support Appellees' motion does not disclose the results of her scrutiny of the cell phone records.

2

sugar, the patient was talking funny on the phone, was the driver, and collided with another vehicle." Mr. Jeane had a long history of heart disease and type-II diabetes. He sustained many injuries in the collision. Unfortunately, Mr. Jeane passed away on July 20, 2014, at RRMC.

In opposition, Appellants submitted the affidavit of Dr. Brabson Lutz, M.D., M.P.H., F.A.C.P. Dr. Lutz is an internal medicine and infectious disease physician with a practice in these fields since 1974. Dr. Lutz has been accepted as an expert in many state and federal courts in Louisiana. After he was retained, Dr. Lutz reviewed the accident report, statements of the various witnesses and investigators, and Mr. Jeane's medical records from Cenla Heart Specialists, Louisiana Cardiology Associates, and Christus St. Francis Cabrini Hospital regarding Mr. Jeane's pre-accident treatment.

Appellees, in their reply memorandum, objected to Dr. Lutz's affidavit based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993). Appellees also objected to the attachment of the coroner's report but withdrew that objection at the hearing on the motion for summary judgment.

The medical records indicated to Dr. Lutz that Mr. Jeane did not suffer from a pre-accident hypoglycemic, cardiac, or other condition resulting in loss of consciousness. According to the deposition testimony of Marshal Smith, Mr. Jeane was bragging the day before the accident that his doctor had given him a clean bill of health regarding his heart and his type-II diabetes. No physician had placed limitations on Mr. Jeane's driving. Laboratory results obtained at RRMC indicated that Mr. Jeane's blood sugar in the ambulance and at the emergency room later demonstrated "appropriate levels," indicating that hypoglycemia and diabetes did not play a role in the accident.

Dr. Lutz concluded that Mr. Jeane suffered a cardiac arrhythmia that suddenly deprived his brain of oxygen, causing a loss of consciousness. This event, according to Dr. Lutz, was unforeseeable.

The matter proceeded to hearing. The trial court ruled as follows (footnote omitted):

> For the reasons given on this date, July 10, 2017, it is the finding of this court that the motion for summary judgment should be granted based upon the fact that there is no issue of material fact. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. When the non-movant such as the plaintiffs, does not carry the burden of proof at trial, the mover in a partial summary judgment need only show a lack of factual support for an essential element of the defense. The burden shifts to the defendant to prove that they would be able to carry their burden of proof at trial. Here, the defendants alleged an affirmative defense that [Marshal Jeane] experienced a condition that was sudden, unexpected, and without, warning. It is alleged that this condition prohibited [Marshal Jeane] from pulling off the roadway. The defendant has the burden of proving an affirmative defense by clear and convincing evidence. It is the finding of the court that the defendants have not met its burden of proof and for this reason Partial summary judgment is granted.

Appellants sought supervisory relief from this court in which they maintained that the judgment was final and appealable. Writs were denied on the basis that the judgment was final and appealable, and Appellants had an adequate remedy on appeal. *Barber v. Louisiana Mun. Risk Mgmt. Agency Self-Insured Fund*, 17-730 (La.App. 3 Cir. 9/8/17) (unpublished opinion). Appellants then perfected this appeal.

## ASSIGNMENTS OF ERROR

In three assignments of error, Appellants assert that the trial court applied the wrong standard of evidence in deciding to grant summary judgment, ignored the uncontroverted affidavit of Dr. Lutz, and should not have granted summary judgment.

## ANALYSIS

4

Courts of appeal employ de novo review of summary judgments, applying the same analysis as does a trial court. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. "A de novo review gives no weight to the judgment of the trial court." *Covington v. McNeese State Univ.*, 08-505, pp. 2-3 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, 671, *writ denied*, 09-69 (La. 3/6/09), 3 So.3d 491. Therefore, we need not consider Appellants' first two assignments of error, because whether the trial court applied the correct standard or erred factually are of no moment. The only question before us is whether Appellees are entitled to judgment.

The movers bear the burden of proof in a motion for summary judgment to prove that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. La.Code Civ.P. arts. 966, 967.

The Louisiana Supreme Court held in *Brannon v. Shelter Mutual Insurance Co.*, 507 So.2d 194 (La.1987), that a driver who claims that his presence in another's proper lane of travel was due to sudden unconsciousness bears a high burden of proving that by clear and convincing evidence. This high burden is placed on that driver because of the difficulty attendant to dispelling such a contention; proving a negative in such a case is nigh impossible. Quoting from *Rizley v. Cutrer*, 232 La. 655, 663-64, 95 So.2d 139, 142 (1957), a roadway defect case, the supreme court stated that a motorist claiming unforeseeable circumstances as a defense must:

> clearly [exhibit] that his conduct in no wise contributed to the accident. By this, of course, we do not mean that such a motorist is the insurer of the safety of those injured in an accident such as the one in the instant case but only that, in order to be exonerated, he must establish his freedom from all fault by clear and convincing proof.

The burden of proof of an affirmative defense lies with its proponent. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. However, in the instance in which the affirmative defense is used to defeat summary judgment, he is not held

to a burden of *proof*; rather, he bears a burden of *production* under which he must merely demonstrate that a genuine issue of material fact precludes judgment. La.Code Civ.P. art. 966 (D)(1). *See also Covington*, 996 So.2d 667.

A fact, for summary judgment purposes, is "material" if it potentially ensures or precludes recovery, "affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines*, 876 So.2d at 765. A genuine issue of material fact is an issue over which reasonable minds could disagree. *Id.*

We have already discussed the supporting and opposing documents presented in this motion. We initially note that Appellants' assignments of error address the judgment *in toto*, but nothing complains of that portion of the judgment that finds Appellees free from fault. We find nothing in our de novo review of the record to convince us that there exists any genuine issue of material fact regarding victim fault, and we affirm that portion of the trial court's judgment. Several facts, though, stand out which create genuine issues of material fact regarding Mr. Jeane's fault. Of course, Dr. Lutz's affidavit opines that Mr. Jeane suffered a sudden, unforeseeable cardia arrhythmia that deprived his brain of oxygen and rendered him unconscious. Ms. Shannon's statement that she saw Mr. Jeane slumped over as his truck passed her supports Dr. Lutz's opinion. Lastly, Marshal Smith's testimony regarding Mr. Jeane, the day before the accident "bragging to me about how he had gotten a clear call from the facility in Shreveport that was handling his blood sugar and diabetes and he'd gotten a clear report from his heart doctor" indicate that any event like the arrhythmia opined by Dr. Lutz was not foreseeable.

Appellees argue that this court should not consider Dr. Lutz's affidavit because it was subject to a challenge under *Daubert,* 509 U.S. 579. Appellees contend that the trial court "must have implicitly sustained" this challenge. The

6

trial court never ruled on this issue. As a general proposition, when a trial court does not rule in favor of relief sought by a party, it is presumed that relief was denied. *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371 (La. 7/1/08), 998 So.2d 16.

Admissibility of an expert's opinion is covered by La.Code Civ.P. art. 967(A), which provides, in pertinent part, "The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Nothing in the record hints that Dr. Lutz is incompetent to testify about these matters, and his catalog of the evidence he reviewed in arriving at his opinions satisfies the requirement under La.Code Evid. art. 702(2) that the opinion be based upon sufficient facts or data. Appellees' complaint that the affidavit relies upon hearsay is misplaced; experts can rely upon hearsay.

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

La.Code Evid. art. 703. Further, "[i]n a civil case, the expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination." La.Code Evid. art. 705(A).

Lastly, Appellees rely upon two cases in addition to *Brannon* to support their contention that judgment is appropriate in his case: *Cash v. McGregor*, 31,537 (La.App. 2 Cir. 2/24/99), 730 So.2d 497, *writ denied*, 99-1117 (La. 6/4/99), 744 So.2d 628, and *Lewis v. City of Shreveport*, 43,249 (La.App. 2 Cir. 6/4/08), 985

7

So.2d 1249, *writ denied*, 08-1477 (La. 10/3/08), 992 So.2d 1018.  Neither of these cases are apposite to this matter.  *Cash* would provide very informative guidance in this matter, but the judgment in *Cash* was entered upon a jury verdict.  Despite the changed status of summary judgment as favored, it still does not substitute for trial on the merits.  *S.J. v. Lafayette Parish Sch. Bd.*, 06-2862 (La. 6/29/07), 959 So.2d 884 (Johnson, J., concurring).  Determining that a litigant *has* carried its burden of proof, as in rendering a judgment after trial, is not at all the same as determining that a litigant *could* carry that burden, as in denying summary judgment.

*Lewis*, too, involved a trial on the merits and is unhelpful for that reason.  Further, the negligent driver in *Lewis* was a commercial driver for a common carrier.  Common carriers have long been held to a higher standard than drivers of non-commercial vehicles.  *See* Frank L. Maraist & Thomas C. Galligan, *Louisiana Tort Law* 144-45 (1996).  Outside the context of a common carrier, we are aware of no cases—and Appellees have cited none—that would hold a driver negligent for operating a vehicle solely on the basis that the driver suffered from diabetes, heart ailments, or chronic obstructive pulmonary disease without prior indications of impairment.  We decline to make such a holding.

In the present matter, there exists a very genuine issue of material fact regarding whether Mr. Jeane was rendered unconscious while operating the truck that struck the Appellees' vehicle.  Whether Appellants will carry this burden of proof at trial remains to be seen, but we are not allowed to deprive them of that opportunity on the basis of the record before us.  The judgment of the trial court finding Mr. Jeane at fault is reversed; the portion of the judgment finding Appellees free from fault is affirmed.  All costs of this appeal are taxed to Appellees.

**REVERSED IN PART AND AFFIRMED IN PART.**