J^DOWNING, J.
The issue in this appeal is whether the “no pay, no play” provision of La. R.S. 32:866 is applicable where a driver of an automobile backs into an uninsured automobile operated by a non-owner. This case arises out of an automobile accident where defendant, Kenneth Judson, backed his automobile into a parked, uninsured automobile owned by the mother of plaintiff, Derrick Hurst, who had taken his mother’s automobile to get gasoline. The trial court found that the “no pay, no play” provision of La. R.S. 32:866 was inapplicable and rendered judgment in favor of Hurst for personal injury damages he suffered. Judson and his insurer, Illinois National Insurance Company (collectively, Judson), appeal this issue. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On November 25, 1999, Hurst drove his mother’s car to Swifty’s gas station to get gas. Upon arriving at Swifty’s, Hurst stopped in line behind Judson, who was filling up his vehicle with gasoline. Hurst, realizing he had to wait for a moment, decided to put his vehicle in park and turn off the engine. After Judson got back in his vehicle, he placed it in reverse and collided with Hurst’s vehicle. At this time, Hurst’s vehicle was still in park with the engine off. Hurst was injured as a result of the accident.
Hurst subsequently filed suit on June 6, 2000. Judson and Illinois National Insurance Co., Judson’s automobile liability insurer, were named as defendants. At the trial on the merits, Judson asserted that the “no pay, no play” provisions of La. R.S. 32:866 barred Hurst from recovering any damages that amounted to less than $10,000.00. The trial court disagreed and rendered judgment in favor of Hurst awarding him $8,346.40, together with legal interest from date of judicial demand and trial costs. Judson filed 13this appeal, assigning one assignment of error. He argues that, “The Trial Court erred as a matter of law by not applying the ‘No Pay, No Play’ Statute in this ease, thereby requiring Hurst/appellee to forfeit the first ten thousand dollars of recovery.”
DISCUSSION

Affirmative Defense

Under the terms of La. R.S. 32:866, recovery for the first $10,000.00 in damages an owner or operator of an automobile suffers from bodily injury is precluded where the owner or operator of a motor vehicle “fails to own or maintain compulsory motor vehicle liability security.” La. R.S. 32:866(A)(1). At the time of the accident at issue in this case, La. R.S. 32:866[1] provided in pertinent part as follows:
§ 866. Compulsory motor vehicle liability security; failure to comply; limitation of damages
A. (1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage *55 based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
[[Image here]]
B. Each person who is involved in an accident in which the other motor vehicle was not covered by compulsory motor vehicle liability security and who is found to be liable for damages to the owner or operator of the other motor vehicle may assert as an affirmative defense the limitation of recovery provisions of Subsection A of this Section. (Emphasis added.)
Here, pursuant to the provisions of La. R.S. 32:866(B), Judson asserted the limitations of recovery set forth in La. R.S. 32:866(A)(1) as a defense. And the burden is on Judson, as the party asserting the affirmative defense, to prove that defense by a preponderance of the evidence. McDonald v. Champagne, 340 So.2d 1025, 1026 (La.App. 1 Cir.1976).
Accordingly, we have examined the record in this matter to evaluate whether a preponderance of evidence supports Judson’s assertion of this affirmative defense. And we review judgments for correctness, not reasons for judgment. See Huang v. Louisiana State Board of Trustees for State Colleges and Universities, 99-2805, p. 5 n.3 (La.App. 1 Cir. 12/22/00), 781 So.2d 1, 6 n. 3. “The court of appeal reviews judgments and, where the court of appeal believes that the trial court reached the proper result, the judgment will be affirmed.” Huang, 99-2805 at p. 5, 781 So.2d at 6.
Here, we conclude the trial court did not err in entering judgment in Hurst’s favor because we find no evidence in the record supporting an essential element of proof in support of Judson’s affirmative defense; Judson has introduced no evidence at trial tending to show that Hurst “fail[ed] to own or maintain compulsory motor vehicle liability security,” nor any evidence that his mother’s automobile “was not covered by compulsory motor vehicle liability security.”

Parked Automobile

Judson argues that the issue for us to decide is whether Hurst should be permitted to claim he was not “operating” an automobile, thus avoiding the application of La. R.S. 32:866(A), solely because the automobile was parked at a gas station at the time of the accident. Because of the above disposition, we do not decide this issue.
IJDECREE
For the foregoing reasons, the judgment of the trial court in favor of Hurst is affirmed. All costs of this appeal to be paid by Judson and his insurer, Illinois National Insurance Company.
AFFIRMED.
DOWNING, J., specially concurs.
KUHN, J., concurs.
GAIDRY, J., concurs with reasons.

. In Progressive Security Insurance Co. v. Foster, 97-2985, p. 14 (La.4/23/98), 711 So.2d 675, 684, the Louisiana Supreme Court held that the words "occasioned by” as used in this statute means "suffered by.”